

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00301-CV

---

STEPHEN PATRICK BLACK, APPELLANT

V.

CHRISTIAN CRUZ, APPELLEE

---

On Appeal from the County Court
Lamb County, Texas
Trial Court No. CC-3443, Honorable James M. DeLoach, Presiding

---

February 20, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Stephen Patrick Black, appeals from the trial court's order granting summary judgment in favor of Appellee, Christian Cruz. The clerk's record was originally due November 12, 2024, but was not filed. We subsequently granted the trial court clerk three extensions to file the record due to her caseload. By letter of January 13, 2025, we notified the trial court clerk no further extensions would be granted and that failure to file the clerk's record by February 12 would result in the appeal being abated and the cause

remanded to the trial court for further proceedings. The clerk has not filed the record or had any further communication with this Court to date.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the clerk's record;

(2)     why the clerk has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the clerk can complete the tasks within the time the trial court finds reasonable.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by March 24, 2025.

Should the clerk file the record on or before March 6, 2025, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

2